HACKATHORN, Exr., Appellant,

v.

PREISSE, Appellee.

[Cite as *Hackathorn v. Preisse* (1995), 104 Ohio App.3d 768.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17058.

Decided June 21, 1995.

*William M. Sremack,* for appellant.

*Robert J. Drexler,* for appellee.

SLABY, Judge.

 Wanda J. Hackathorn appeals from summary judgment granted in favor of Gene Lee Preisse, Jr. on her wrongful death action. We affirm.

In separate actions, Hackathorn sued Preisse and the Springfield Local School District Board of Education ("Springfield") for wrongful death and conscious pain and suffering stemming from the death of her mother, Maxine Hackathorn ("the decedent"). This court previously affirmed the partial dismissal and partial summary judgment granted in Springfield's favor in Hackathorn's suit against Springfield. *Hackathorn v. Springfield Local School Dist. Bd. of Edn.* (1994), 94 Ohio App.3d 319, 640 N.E.2d 882. The facts of *Hackathorn* are identical to those in the case *sub judice* and need not be fully repeated here. Briefly, students in Preisse's vocational construction class cut a hole in the floor of decedent's dining room as part of a class project. A bookcase, table, and two chairs were placed by the two exposed sides of the hole. Despite these precautions, decedent fell through the hole. She was found in the basement with the two chairs and pieces of insulating paper that had been placed over the hole. Decedent died later that night.

Preisse moved for summary judgment, claiming that he was immune from suit because he was a political subdivision employee.[1] The trial court granted Preisse's motion. Hackathorn assigns one error in her appeal from that judgment:

"The trial court committed error in granting [Preisse]'s motion for summary judgment based upon immunity where a genuine issue of material fact existed on the issue of reckless or wanton misconduct."

Hackathorn argues that the trial court erred in finding that political subdivision immunity applied to this case. She asserts that a genuine issue of material fact exists as to whether Preisse acted recklessly, wantonly, or in bad faith. If Preisse acted with such culpability, then he would not be immune from liability. See R.C. 2744.03(A)(6)(b).

An appellate court applies the same standard as that used by the trial court in reviewing a trial court's entry of summary judgment. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Summary judgment is proper if:

---

1. Preisse's motion for summary judgment also addressed the issues of scope of employment and breach of contract. Because Hackathorn's appeal does not concern these issues, we do not discuss them.

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

A party may oppose a motion for summary judgment by submitting, among other items, affidavits. Civ.R. 56(C). Civ.R. 56(E) states that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An affidavit cannot state legal conclusions. *Brannon v. Rinzler* (1991), 77 Ohio App.3d 749, 756, 603 N.E.2d 1049, 1053–1054, citing *State v. Licsak* (1974), 41 Ohio App.2d 165, 169, 70 O.O.2d 325, 327–328, 324 N.E.2d 589, 593.

R.C. 2744.03(A)(6) governs the immunity provided to political subdivision employees. This court recently considered that statute in *Piro v. Franklin Twp.* (1995), 102 Ohio App.3d 130, 139, 656 N.E.2d 1035, 1040–1041, where we stated:

"Immunity for a political subdivision employee is provided by R.C. 2744.03(A)(6). That section grants the employee immunity from liability in connection with a governmental or proprietary function unless one of three exceptions applies. The exception that is relevant to this case is found in R.C. 2744.03(A)(6)(b), which states that the employee is not immune if '[h]is acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.' 'Malice' refers to the willful and intentional design to do injury. *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App.3d 448, 453, 602 N.E.2d 363, 366. 'Bad faith' connotes a 'dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.' *Id.* at 454, 602 N.E.2d at 367, quoting *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, paragraph two of the syllabus. 'Reckless' conduct refers to an act done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent. *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–105, 559 N.E.2d 705, 707–708, citing 2 Restatement of the Law 2d, Torts (1965) 587, Section 500."

The terms "willful," "wanton," and "reckless" connote a mental state of greater culpability than negligence. See *Brockman v. Bell* (1992), 78 Ohio App.3d 508, 515–516, 605 N.E.2d 445, 449–450.

■ We find that the trial court did not err by granting summary judgment for Preisse because no genuine issue of material fact existed and judgment for Preisse was warranted as a matter of law. The record shows that Preisse moved furniture to serve as a barrier between the exposed sides of the hole and the rest of the dining room. Preisse warned decedent about the hole and told her that the insulation that covered the hole would not support any weight. His actions showed that he did not intend to cause any harm to decedent, did not breach a known duty through an ulterior motive or ill will, did not have a dishonest purpose, and did not create an unnecessary risk of physical harm greater than that necessary to establish negligence. While Preisse's deposition revealed that he failed to comply with applicable building codes, this failure, especially in light of the other precautions taken by Preisse, did not rise to the level of recklessness, wantonness, or bad faith.

Hackathorn argues that the trial court failed to consider the affidavits that she attached to her brief in opposition to summary judgment. The affidavits in question were from two expert witnesses, an engineer and an architect. Both affiants stated that they had examined the hole and concluded that Preisse failed to comply with applicable building codes. They opined that Preisse acted recklessly by failing to provide adequate protection from an accident. Contrary to Hackathorn's claim, these affidavits did not create any issues of material *fact.* Preisse's level of culpability was a legal issue. The affidavits showed only that the two sides differed in their views of Preisse's culpability. The affiants' statements that Preisse was reckless were legal conclusions, not factual statements. Such legal conclusions should not have been included in the affidavits and, in any event, did not create any issues of fact.

Hackathorn's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and DICKINSON, J., concur.