OPINION
{¶ 1} Plaintiff-appellant, Kimberly Curtis, appeals from the October 26, 2007, and November 5, 2007, Judgment Entries of the Delaware County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 25, 2006, appellant Kimberly Curtis was a passenger on an all-terrain vehicle (ATV) operated by appellee Gregory Workman. Appellant and appellee Gregory Workman had been invited by appellees Judith Schmid and Gary Buyer to ride ATV's on their property. Appellant regularly traveled to the subject property to ride ATVs and had been riding ATVs for between ten (10) and twenty (20) years.
 {¶ 3} With appellant as a passenger, appellee Workman did one lap on the dirt trail on the subject property. As the two were completing another lap, the ATV that they were on flipped and, as a result, appellant was injured. The accident occurred at approximately 5:15 p.m.
 {¶ 4} Subsequently, on January 18, 2007, appellant filed a complaint against appellees Judith Schmid, Gary Buyer and Gregory Workman and against Dena Webb. Appellant, in her complaint, alleged that the ATV which had flipped was owned by appellees Schmid and Buyer and by Dena Webb and that they had negligently entrusted the same to appellee Workman and had negligently failed to instruct or inform appellant of known dangers and inherent risks associated with "their activity" and land. Appellant further alleged that appellee Gregory Workman had negligently operated the ATV. *Page 3 
 {¶ 5} Appellee Gregory Workman filed an answer on February 5, 2007, and an amended answer on February 8, 2007. Dena Webb filed an answer on February 20, 2007. On February 26, 2007, appellees Gary Buyer and Judith Schmid filed an answer and a cross-claim against appellee Gregory Workman.
 {¶ 6} Dena Webb filed a Motion for Summary Judgment on June 8, 2007. Webb, in her motion, alleged that she had sold the subject ATV to Judith Buyer on or about October 12, 2005, and that she had no ownership interest in the ATV at the time of the accident. Appellant filed a response to the Motion for Summary Judgment on June 20, 2007.
 {¶ 7} Thereafter, on July 26, 2007, appellee Gregory Workman filed a Motion for Summary Judgment and, on July 27, 2007, appellees Judith Schmid and Gary Buyer filed a Motion for Summary Judgment. After appellant filed responses to both motions, appellees Judith Schmid and Gary Buyer and appellee Gary Workman filed separate motions to strike appellant's August 6, 2007 and June 18, 2007 affidavits, which were submitted in support of her responses to the Motions for Summary Judgment filed by appellees Judith Schmid and Gary Buyer and by appellee Gregory Workman. Appellees, in their separate motions, argued that appellant's affidavits contradicted appellant's deposition testimony and also contained unsupported legal conclusions.
 {¶ 8} Pursuant to a Judgment Entry filed on October 26, 2007, the trial court granted such motions and ordered the affidavits stricken. The trial court, in its Judgment Entry, found that the affidavits were in "direct contradiction" to appellant's earlier deposition testimony and that appellant's statements "regarding the Defendants' negligence or negligent entrustment are legal conclusions, not factual statements, and *Page 4 
are improperly contained in an affidavit in support of a memorandum contra the motion for summary judgment."
 {¶ 9} Thereafter, as memorialized in three (3) separate Judgment Entries filed on November 5, 2007, the trial court granted the Motions for Summary Judgment filed by appellees Gregory Workman, Judith Schmid and Gary Buyer and by Dena Webb. On November 9, 2007, appellees Judith Schmid and Gary Buyer filed a Notice of Voluntary Dismissal of their cross-claims against appellee Gregory Workman.
 {¶ 10} Appellant now raises the following assignments of error on appeal:
 {¶ 11} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES JUDITH SCHMID'S, GARY BUYER'S, AND GREGORY WORKMAN'S MOTIONS TO STRIKE THE PLAINTIFF-APPELLANT'S JUNE 18, 2007 AND AUGUST 6, 2007 AFFIDAVITS.
 {¶ 12} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE GREGORY WORKMAN.
 {¶ 13} "III. IN DECIDING THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS-APPELLEES GARY BUYER, AND JUDITH SCHMID, THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLANT ASSUMED THE RISKS ASSOCIATED WITH RIDING ON AN ATV.
 {¶ 14} "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES GARY BUYER AND JUDITH SCHMID ON THE PLAINTIFF-APPELLANT'S CLAIM FOR NEGLIGENT ENTRUSTMENT." *Page 5 
 I {¶ 15} Appellant, in her first assignment of error, argues that the trial court erred in granting the Motions to Strike appellant's June 18, 2007, and August 6, 2007, affidavits. We disagree.
 {¶ 16} As is stated above, appellees Judith Schmid, Gary Buyer and Gregory Workman filed two separate Motions to Strike appellant's June 18, 2007, and August 6, 2007, affidavits, which were attached to appellant's responses to the pending Motions for Summary Judgment, on the basis that the affidavits contradicted appellant's deposition testimony and also contained unsupported legal conclusions.
 {¶ 17} Affidavits that are inconsistent with earlier deposition testimony are subject to be stricken. Samadder v. DMF of Ohio, Inc.154 Ohio App.3d 770, 2003-Ohio-5340, 798 N.E.2d 1141 at paragraph 17. An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment. Bryd v. Smith, 110 Ohio St.3d 24,2006-Ohio-3455, 850 N.E.2d 47 at paragraph 3 of the syllabus. Likewise, affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence, or they are subject to a motion to strike. Civ. R. 56(E). A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of abuse of discretion. Kennedy v. Merck Co., Inc., Montgomery App. No. 19591, 2003-Ohio-3774, 2003 WL 21658613, at paragraph 42. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely *Page 6 
an error of law judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 400 N.E.2d 1140.
 {¶ 18} In the case sub judice, appellant testified during her deposition, which took place on June 11, 2007, that she remembered going canoeing in the pond on the property owned by appellees Judith Schmid and Gary Buyer on June 25, 2006. The following is an excerpt from appellant's deposition testimony:
 {¶ 19} "Q. So back to the day on the 25th, you said canoeing was the last thing you remember?
 {¶ 20} "A. Yes.
 {¶ 21} "Q. And then what's the next thing that you remember?
 {¶ 22} "A. Being at OSU Medical Center.
 {¶ 23} "Q. What date was that?
 {¶ 24} "A. I don't recall.
 {¶ 25} "Q. So you have no recollection of the accident itself?
 {¶ 26} "A. No.
 {¶ 27} "Q. Or any medical treatment you received before you woke up at OSU Medical Center?
 {¶ 28} "A. No. Deposition of Kimberly Curtis at 18-19. (Emphasis added)
 {¶ 29} In contrast, appellant, in her two affidavits, which were signed on or about August 6, 2007, less than a month after appellant's deposition, provided a much clearer picture of the events of the day in question. Appellant, in her affidavits, stated, in relevant part, as follows: *Page 7 
 {¶ 30} "1. Defendants Schmid and Buyer expressly invited and gave specific permission to Defendant Workman and myself to be present at their property and to ride their all-terrain vehicles.
 {¶ 31} "2. Defendants Buyer and Schmid own the property located at 2037 North Galena Road in the City of Sunbury, Delaware County, Ohio, which is where the accident on June 25, 2006 occurred.
 {¶ 32} "3. Everyone present was drinking alcoholic beverages.
 {¶ 33} "4. Defendants Schmid and Buyer were fully aware that Defendant Workman had been drinking alcohol for several hours prior to the time he took me for a ride on their all-terrain vehicle.
 {¶ 34} "5. Defendants Buyer and Schmid failed to warn us of any dangers of riding tandem or riding without a helmet.
 {¶ 35} "6. Defendants Schmid and Buyer negligently entrusted the vehicle to Defendant Workman.
 {¶ 36} "7. Defendant Workman negligently operated the vehicle, causing said vehicle to roll over ejecting both of us with resulting injury and damage to myself.
 {¶ 37} "8. Defendant Schmid and Buyer failed to instruct or inform me of known dangers and inherent risks associated with their activity and land.
 {¶ 38} "9. Defendants Buyer and Schmid had always expressly invited me and other [sic] to use their land.
 {¶ 39} "10. Defendants Buyer and Schmid have never opened their land for public use, let alone gratuitous public use. *Page 8 
 {¶ 40} "11. I have suffered grievous injuries to my person, which has required me to seek ongoing medical treatment.
 {¶ 41} "12. My injuries were caused by Defendant Workman's conduct in flipping or rolling the ATV over. . . .
 {¶ 42} "16. I did not perform any act which caused or contributed to the accident."
 {¶ 43} We concur with the trial court that the two affidavits "are in direct contradiction to her [appellant's] earlier deposition testimony, including statements that her injuries were caused by Defendant Workman's conduct and that she did not perform any act that caused or contributed to the accident." As noted by the trial court, other than the statement that appellant's memory had been refreshed since the time of her deposition, appellant did not have any explanation for the contradictions between her deposition testimony and the statements in her affidavits.
 {¶ 44} As is stated above, the trial court also ordered appellant's affidavits stricken because they contained legal conclusions. Although the trial court could strike portions of the affidavits as legal conclusions, this rationale would not justify striking the affidavitsin toto. See Youseff v. Parr, Inc. (1990), 69 Ohio App.3d 679, 689,591 N.E.2d 762. See also Hackathom v. Preisse (1995), 104 Ohio App.3d 768,772, 663 N.E.2d 384.
 {¶ 45} Appellant, in her affidavits, stated, in part, that appellee Gregory Workman negligently operated the ATV and that appellees Schmid and Buyer negligently entrusted the ATV to him. We find that these statements are legal conclusions and thus were properly stricken by the trial court. *Page 9 
 {¶ 46} In summary, we find that the trial court did not abuse its discretion in granting the Motions to Strike appellant's two affidavits. The trial court's decision was not arbitrary, unconscionable or unreasonable.
 {¶ 47} Appellant's first assignment of error is, therefore, overruled.
 II, III, IV {¶ 48} Appellant's three remaining assignments of error allege that the trial court erred in granting appellees' Motions for Summary Judgment.
 {¶ 49} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such we must refer to Civ. R. 56(C), which provides in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 50} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. Further, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving *Page 10 
party." Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 359, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 51} It is pursuant to this standard that we review appellant's second, third and fourth assignments of error.
 II {¶ 52} Appellant, in her second assignment of error, argues that the trial court erred in granting the Motion for Summary Judgment filed by appellee Gregory Workman. We disagree.
 {¶ 53} The Ohio Supreme Court, in Marchetti v. Kalish, (1990),53 Ohio St.3d 95, 559 N.E.2d 699, at paragraph one of the syllabus, held that "[w]here individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either `reckless' or `intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." As noted by the court in Pope v.Willey, Clermont App. No. CA2004-10-077, 2005-Ohio-4744 at paragraph 8, "[t]his rule has its genesis in the doctrine of primary assumption of the risk and is based on the rationale that a participant to a sporting event or recreational activity accepts the risks associated with the sport or activity. Gentry v. Craycraft, 101 Ohio St.3d 141,2002-Ohio-379, 802 N.E.2d 1116, at paragraphs 10-11."
 {¶ 54} As further noted by the court in Pope v. Willey, "[t]he limitation of liability for negligence during recreational activities is based on the notion that some risks are so inherent in an activity that the risks cannot be eliminated. See Gallagher v. Cleveland BrownsFootball Co., 74 Ohio St.3d 427, 431, 659 N.E.2d 1232, 1996-Ohio-320; *Page 11 Whisman v. Gator Investment Properties, Inc., 149 Ohio App.3d 225,776 N.E.2d 1126, 2002-Ohio-1850. By choosing to participate in an activity, the participant implicitly accepts those risks. Gentry at ¶ 1;Collier v. Northland Swim Club (1987), 35 Ohio App.3d 35, 37,518 N.E.2d 1226; Cave v. Burt, Ross App. No. 03CA2730, 2004-Ohio-3442. The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity. Thompson v.McNeil (1990), 53 Ohio St.3d 102, 104-106, 559 N.E.2d 705. The doctrine relieves persons providing or taking part in a recreational activity from any duty to eliminate the risks that are so inherent in the activity or sport because such risks can not be eliminated. Collier v.Northland Swim Club (1987), 35 Ohio App.3d 35, 37, 518 N.E.2d 1226." Id at paragraph 11.
 {¶ 55} Cases have held that driving and riding on an ATV is a recreational activity. See Pope v. Willey, supra and Taylor v.Mathys, Union App. No. 14-04-32, 2005-Ohio-150. Because driving and riding on an ATV is a recreational activity, appellee Gregory Workman cannot be liable to appellant for negligence, which is what appellant alleges in her complaint. Rather, he can only be liable to her if flipping an ATV is not an ordinary risk of the activity or if his actions were either "reckless" or "intentional."
 {¶ 56} Losing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV. See Paxton v. Ruff (Jan. 12, 1998), Butler App. No. CA97-04-089,1998 WL 8695. Thus, appellant assumed the risk that the ATV on which she was a passenger could flip. *Page 12 
 {¶ 57} Moreover, there is no evidence in the record that appellee Gregory Workman's conduct in his operation of the ATV was intentional or reckless. In Marchetti, supra, the Ohio Supreme Court adopted the definition of "reckless" found in 2 Restatement of the Law 2d, Torts (1965) 587, Section 500 as follows: "The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."
 {¶ 58} As is stated above, appellant, during her deposition, testified that she could not recall what happened and how the accident occurred.[1] Appellee Gregory Workman, during his deposition, testified that he considered himself an experienced driver and that he had never been involved in an ATV accident or flipped an ATV prior to June 25, 2006. He further testified that he had been riding the ATV for four or five laps without incident before appellant got on to the ATV with him and that, after appellant got on to the back of the ATV, the two completed one lap without incident before the accident occurred.
 {¶ 59} Appellee Gregory Workman, in an affidavit attached to his Motion for Summary Judgment, stated that he had ridden ATVs on the subject property prior to the date in question, that he had a "significant amount of experience" riding ATVs and considered himself a safe and responsible driver, Appellee Workman, in his affidavit, further stated, in relevant part, as follows: *Page 13 
 {¶ 60} "5) On the date of the accident, a number of individuals, including myself, were riding the 4-wheel all terrain vehicles at the Buyer property while carrying passengers. Prior to the accident, Kim Curtis volunteered to go for ride with me. At that time, I did one lap on the dirt trail on the property with Kimberly Curtis as a passenger. The first lap was uneventful, and after I stopped, Kimberly Curtis stated to me `lets [sic] take another lap.' As we were going through the lap, at one point I turned right (westbound), and the all terrain vehicle upon which we were riding flipped to the left. The vehicle flipped so quickly that there was nothing I could do to prevent the accident from occurring.
 {¶ 61} "6) At no time prior to the moment of the accident itself did Kimberly Curtis ever indicate that she was concerned about riding as a passenger on the all terrain vehicle, nor did she voice any concern about my ability to operate the all terrain vehicle.
 {¶ 62} "7) I did not intend for the accident to occur, and I was not operating the all terrain vehicle in a careless or reckless manner at the time of the accident. Based upon what happened, I believe that Kimberly Curtis may have leaned left during the right turn so as to cause or contribute to cause the accident's occurrence."
 {¶ 63} In short, upon our review of the record, we find no evidence that appellee Gregory Workman's conduct was reckless and/or intentional.
 {¶ 64} Based on the foregoing, we find that the trial court did not err in granting the Motion for Summary Judgment filed by appellee Gregory Workman.
 {¶ 65} Appellant's second assignment of error is, therefore, overruled. *Page 14 
 III {¶ 66} Appellant, in her third assignment of error, argues that the trial court erred in granting the Motion for Summary Judgment filed by appellees Judith Schmid and Gary Buyer. Appellant specifically contends that the trial court erred in finding that appellant had assumed the risks associated with riding on an ATV and that the doctrine of primary assumption of the risk applied.
 {¶ 67} Based on our disposition of appellant's second assignment of error, appellant's third assignment of error is overruled.
 {¶ 68} Moreover, we find that appellant's general negligence claim against appellees Judith Schmid and Gary Buyer is barred by the recreational user statute.
 {¶ 69} The recreational user statute, R.C. 1533.181, states, in relevant part, as follows:
 {¶ 70} "A) No owner, lessee, or occupant of premises:. . .
 {¶ 71} "(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."
 {¶ 72} R.C. 1533.181(B) states that R.C. 1533.181(A) applies to owners of privately owned property "whether or not the premises are kept open for public use . . ."
 {¶ 73} R.C. 1533.18 defines a "recreational user" as follows: "(B) `Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state, or a lease payment or fee paid to the owner of privately owned lands, to enter upon premises to hunt, fish, trap, camp, hike, or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel *Page 15 
drive motor vehicle, or to engage in other recreational pursuits." R.C. 1533.18(C) states that "all-purpose vehicle" has the same meaning as in R.C. 4519.01. In turn, R.C. 4519.01 defines an "all-purpose vehicle" as including "vehicles commonly know as all terrain vehicles."
 {¶ 74} Pursuant to the above statutes, driving and riding on an ATV is a recreational activity. The evidence in the case sub judice demonstrates that both appellant and appellee Gregory Workman, who were recreational users, were given permission by appellees Judith Schmid and Gary Buyer to go onto their privately owned land for the purpose of operating an ATV. Appellees Judith Schmid and Gary Buyer did not charge appellant or appellee Workman any fee to drive ATV's on their property. We concur with the trial court, therefore, that R.C. 1533.181(A) applies and that appellees Judith Schmid and Gary Buyer did not owe appellant any duty.
 {¶ 75} Appellant's third assignment of error is, therefore, overruled.
 IV {¶ 76} Appellant, in her fourth and final assignment of error, argues that the trial court erred in granting summary judgment to appellees Judith Schmid and Gary Buyer on appellant's negligent entrustment claim. We disagree.
 {¶ 77} While courts, applying Marchetti, supra, have held that participants in recreational activity are barred from bringing negligence suits against sponsors or other non-participants of the recreational activity, the injured participants may maintain, where the facts allow, a cause of action for negligent entrustment. See, for example, Karlovich v. Nicholson (Sept. 30, 1999), Lake App. No. 98-L-097, 1999 WL 960583 at 6. *Page 16 
 {¶ 78} In Ohio, under the theory of negligent entrustment, "[t]he owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury."Gulla v. Straus (1950), 154 Ohio St. 193, 93 N.E.2d 662, paragraph three of the syllabus. In order to be successful on a claim under the theory of negligent entrustment, the plaintiff must show "that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." Gulla
at paragraph five of the syllabus.
 {¶ 79} Appellant, in her brief, argues that the trial court erred in granting appellees Judith Schmid and Gary Buyer summary judgment on appellant's negligent entrustment claim because there "is ample evidence that Defendants-Appellees were fully aware that Defendant-Appellee Workman had been drinking alcohol for several hours prior to his operation of Defendants-Appellees' ATV with Plaintiff-Appellant as a passenger." Appellant notes that appellee Gregory Workman, in his deposition testimony, admitted drinking and that appellant and Jennifer Pierce, in their affidavits, "confirmed that all of the parties were drinking alcohol and riding tandem."
 {¶ 80} There is no dispute that appellee Gregory Workman drove the ATV with the permission of appellees Judith Schmid and Gary Buyer. Appellee Gregory *Page 17 
Workman, during his deposition, testified that he started drinking on June 25, 2006 at approximately 3:00 p.m. and stopped drinking at approximately 4:00 p.m. He further testified that he drank less than two beers and that he drank Coor's Light 12 ounce bottles. During his deposition, appellee Gregory Workman testified that he was an experienced driver who regularly drove ATVs and had never been in an accident and that, on the day in question, he rode approximately four or five laps without incident before appellant got on the back of the ATV. Appellee Gregory Workman, in his affidavit, further stated that he was not impaired on the date of the accident.
 {¶ 81} With respect to appellant's affidavit, this Court held, in the disposition of appellant's first assignment of error, that the trial court did not err in ordering the same stricken. We shall, therefore, not consider the same. While Jennifer Pierce, in her affidavit, which was attached to appellant's response to the Motion for Summary Judgment filed by appellees Judith Schmid and Gary Buyer, stated that "[o]n June 25, 2006, the Defendants Judith Schmid, Gary Buyer and Greg Workman, and all others whom were present, during the accident involving Kimberly Curtis, had been drinking alcoholic beverages," there is no evidence in the record that appellee Workman was intoxicated and/or incompetent on the day in question.
 {¶ 82} In short, upon our review of the record, we concur with the trial court that appellant "cannot establish that Defendant Workman was incompetent at the time the Defendants [Schmid and Buyer] entrusted the ATV to him; nor can Plaintiff affirmatively establish that Defendants Schmid and Buyer knew at the time they entrusted the ATV to Workman that he was incompetent." We find, therefore, that the trial court did not err in *Page 18 
granting summary judgment to appellees Judith Schmid and Gary Buyer on appellant's negligent entrustment claim.
 {¶ 83} Appellant's fourth assignment of error is, therefore, overruled.
 {¶ 84} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] As is stated above, this Court held that the trial court did not err in ordering appellant's affidavits stricken. We shall not, therefore, consider the same. *Page 1