[Cite as *West v. Devendra*, 2012-Ohio-6092.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JANICE WEST, | ) | CASE NO.   11 BE 35 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| GARY DEVENDRA, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
Case No. 10CV380.

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellant:     Attorney John Jurco
P.O. Box 783
St. Clairsville, Ohio  43950

For Defendant-Appellee:     Attorney Cari Fusco Evans
4505 Stephen Circle, N.W., Suite 100
Canton, Ohio  44718

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 21, 2012

VUKOVICH, J.

{¶1} Plaintiff-appellant Janice West appeals the decisions of the Belmont County Common Pleas Court granting summary judgment for defendant-appellee Gary Devendra and denying her motion to amend her complaint.

{¶2} Three issues are raised regarding the granting of summary judgment for Devendra. The first is whether there is genuine issue of material fact as to whether West was involved in a recreational activity when she was thrown off the ATV. The second is whether the accident that occurred was an inherent risk associated with driving and riding an ATV. The third is whether there is a genuine issue of material fact as to whether Devendra was acting recklessly when he was operating the ATV. The final issue is whether the trial court abused its discretion in denying appellant's motion to amend her complaint.

{¶3} For the reasons expressed below, there is no merit with the arguments raised. Thus, the trial court's decision to grant summary judgment for Devendra and the trial court's denial of West's motion to amend the complaint is hereby affirmed.

<u>Statement of the Facts</u>

{¶4} On the evening of December 19, 2009 West and Devendra decided to enjoy the first snow of the year by taking the Yamaha ATV that they jointly owned for a ride to view the beautiful landscape. (West Depo. 19; Devendra Depo. 34, 40.) West and Devendra were in a relationship and they lived together in Devendra's house. Devendra was driving the ATV and West was riding on the back. (West Depo. 28.) After they had been riding for 45 minutes to 1 hour, Devendra indicated that his hands were getting cold. (West Depo. 28-29; Devendra Depo. 40-41.) West suggested that Devendra use the sleeves/hand warmers that he had previously purchased to keep his hands warm. (West Depo. 29; Devendra 40-41.) Devendra agreed and returned to the garage to get the sleeves. (West Depo. 29; Devendra 40-41.) He put the sleeves/hand warmers on the handlebars, pulled the ATV out the garage a little bit and then got on it. (Devendra Depo. 41-43.) This was the first time Devendra had used any type of sleeves/hand warmers and he was not given any instructions on how to use them. (Devendra Depo. 27-28.) He then told West to get

on, which she did. (West Depo. 31; Devendra Depo. 42, 44.) He turned the ATV on. (Devendra Depo. 44.) West heard the motor roar loudly. (West Depo. 31.) Devendra contends it was idling normally when he turned it on and then made the loud roar when he gave it gas. (Devendra Depo. 55, 63.) West claims that after she heard the engine roar loudly, she attempted to put the ATV in neutral, but could not reach the gear shift from where she was sitting. (West Depo. 31; Devendra 49.) Devendra gave the ATV gas (it was already in reverse) and it took off backwards at a high speed. (Devendra Depo. 49, 52, 55, 63.) He testified that the throttle was stuck due to the sleeves/hand warmers. (Devendra Depo. 57.) West was thrown off the ATV and landed in the driveway on her face. (West Depo. 34; Devendra Depo. 42.) As a result of the accident she fractured her back and tore the meniscus in her knee. (West Depo. 40, 45.) Her back has gotten better, but her knee required surgery. (West Depo. 42, 45.) Devendra testified that he tried to stop the ATV by using the hand brakes; he did not try to put the ATV in neutral or push the engine stop switch because he did not want to release the hand brakes. (Devendra Depo. 70.) He also stated that he did not purposefully cause the accident. (Devendra Depo. 59.) Devendra was also thrown off of the ATV during the accident.

{¶5} As a result of her injuries West filed a complaint alleging that Devendra acted negligently and that his negligence caused her injuries. 08/23/10 Complaint. Devendra filed his answer and defenses claiming, among other things, that at the time of the accident they were engaged in a recreational activity and thus, he could not be liable unless West shows that he acted recklessly or intentionally. 09/27/10 Answer.

{¶6} Following discovery, Devendra filed a motion for summary judgment. 06/23/11 Motion. West filed a motion in opposition and a motion to amend the complaint to include the allegation that Devendra acted recklessly. 07/07/11 Motions. Devendra filed a reply and a motion in opposition to the motion to amend the complaint. 07/14/11 and 07/20/11 Motions. He asserted that none of the evidence produced during discovery indicated that he acted recklessly. 07/20/11 Motion.

{¶7} After reviewing the parties' arguments, the trial court granted the motion for summary judgment finding that during the accident, the parties were engaged in a

recreational activity and that there was no showing of recklessness. The trial court also denied the motion to amend the complaint because nothing in the record indicated that Devendra's conduct rose above the level of negligence. 09/07/11 J.E.

{¶8} West timely appeals those decisions.

## First Assignment of Error

{¶9} "The trial court erred in sustaining the Defendant-Appellee, Gary Devendra's motion for summary judgment."

{¶10} In reviewing a summary judgment award, we apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we apply the same test as the trial court. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶11} West's first argument is that there exists a genuine issue of material fact as to whether the parties were engaged in a recreational activity.

{¶12} The Ohio Supreme Court has stated:

> Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either "reckless" or "intentional" as defined in Sections 500 and 8A of the Restatement of Torts 2d.

*Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699 (1990), syllabus.

{¶13} The *Marchetti* Court stressed that the underlying policy behind the holding was to "strike a balance between encouraging vigorous and free participation in recreational or sports activities, while ensuring the safety of the players." *Gentry v.*

*Craycraft*, 101 Ohio St. 3d 141, 144, 2004-Ohio-379, 802 N.E.2d 1116, ¶ 10, citing *Marchetti* at 99. The Court reasoned that spectators as well as participants "must accept from a participant's conduct associated with that sport" or activity and that where injuries stem from "conduct that is a foreseeable, customary part" of the activity, the defendant "cannot be held liable for negligence because no duty is owed to protect the victim from that conduct." *Gentry* at ¶ 10, citing of *Thompson v. McNeill*, 53 Ohio St.3d 102, 104, 559 N.E.2d 705 (1990).

**{¶14}** The Court in reaching that holding was applying "primary" assumption-of-risk principles in limiting the defendant's liability. *Gentry* at ¶ 11. Primary assumption of the risk is essentially a principle of no duty, or no negligence. *Id.*, citing Prosser & Keeton, The Law of Torts 496, Section 68 (5th Ed.1984).

**{¶15}** Our sister districts have further explained:

> [T]he limitation of liability for negligence during recreational activities is based on the notion that some risks are so inherent in an activity that the risks cannot be eliminated. By choosing to participate in an activity, the participant implicitly accepts those risks. The types of risks associated with the activity are those that are foreseeable and customary risks of the sport or recreational activity. The doctrine relieves persons providing or taking part in a recreational activity from any duty to eliminate the risks that are so inherent in the activity or sport because such risks cannot be eliminated.

Citations omitted. *Curtis v. Schmid*, 5th Dist. No. 07CAE 11 0065, 2008-Ohio-5239, ¶ 54, quoting, *Pope v. Willey*, 12th Dist. No. CA2004-10077, 2005-Ohio-4744, ¶ 11.

**{¶16}** Appellate courts have consistently held that driving and riding on an ATV is a recreational activity. *Curtis* at ¶ 55-57; *Pope* at ¶ 10; *Paxton v. Ruff*, 12th Dist. No. CA97-04-089, 1998 WL 8695 (Jan. 12, 1998). See *Taylor v. Mathys*, 3d Dist. No. 14-04-32, 2005-Ohio-150. Moreover, the *Curtis* court went even further to state that losing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV. *Curtis* at ¶ 56, citing

*Paxton.* Thus, that court concluded that the injured party assumed the risk that the ATV, on which she was a passenger, could flip. *Curtis.*

**{¶17}** West acknowledges that prior to the accident while they were riding, they were engaged in a recreational activity. However, she tries to differentiate herself from the above cases by claiming that the act of backing up to get away from the garage so that they could turn the ATV around and go forward in the snow was not a recreational activity. "It was just driving, not fun, joyful activity." Brief page 13.

**{¶18}** We disagree with this position. Although Devendra stated in his deposition that the act of backing up was not a joyful activity, that statement is not a legal determination on whether riding the ATV in reverse so that it can turn around to go forward is a recreational activity. (Devendra Depo. 66). The fact that they had to back up to get the ATV in a position that it could go forward does not render the backing up not part of the recreational activity. Whether one is riding in reverse "for fun" or riding in reverse so that the ATV can be turned around to ride forward, the result is the same: the ATV is being used for recreational purposes.

**{¶19}** The cases from our sister districts clearly state that driving and riding on an ATV is a recreational activity. Those cases do not differentiate between going forward or backing up. The only opinion West can cite this court to support her position is a dissenting opinion from the Eleventh District Court of Appeals. *Getsy v. Eastham*, 11th Dist. No. 2008-T-0032, 2008-Ohio-6767. That dissent found that the Yamaha Rhino that the parties were riding was a utility vehicle, small work truck, not an ATV. *Id.* at ¶ 32. The dissenting opinion concluded that summary judgment should not have been granted and stated:

> Here, appellant and appellee disagree as to what happened. Appellant testified that appellee was doing a brodie or a 'donut,' which cause him to fall out of the Yamaha Rhino. Appellee, on the other hand, indicated that the wheel slipped on a root/rock. Clearly, this is a material, disputed fact regarding whether they were involved in a sport, or were merely taking a ride. Riding on the Yamaha Rhino is not in and of itself a recreational activity. The vehicle is designed for this purpose.

> Because this is summary judgment and a material issue of fact exists, this matter must be decided by a jury.

Citations omitted. *Id.* at ¶ 36.

**{¶20}** Even if we were to find this dissenting opinion persuasive, the facts in that case are distinguishable from the facts sub judice. There is no dispute that the vehicle West and Devendra were riding is an ATV, not a utility vehicle. Arguably, a utility vehicle designed for work purposes is substantially different from an ATV designed for recreational use. Furthermore, Devendra testified that in his opinion the throttle stuck and caused him to lose control of the vehicle. There is no other testimony as to what caused the accident. Thus, the cause of the accident is not disputed as it was according to the dissent in *Getsy*.

**{¶21}** Therefore, for the above stated reasons, this first argument under this assignment of error is without merit; driving and riding the ATV in this case is a recreational activity.

**{¶22}** The second argument West makes under this assignment of error is that there was a genuine issue of material fact as to whether the risk of harm was inherent.

**{¶23}** As stated above, our sister district found that losing control and flipping an ATV is a foreseeable and customary risk associated with the activity of driving or riding on an ATV. *Curtis* at ¶ 56. The *Curtis* court's holding is logical and we adopt it as our own. Devendra testified that the throttle stuck. This caused him to lose control of the ATV, which in turn caused West to be thrown off of the ATV. While it is not clear that the ATV flipped, flipping an ATV would cause the passenger to be thrown. Thus, being thrown from the ATV is a foreseeable and customary risk associated with driving or riding an ATV.

**{¶24}** West attempts to argue that the risk is not inherent by citing us to our decision in *Byer v. Lucas*, 7th Dist. No. 08-NO-351, 2009-Ohio-1022. In *Byer* we held that the risks Byer encountered during the hayride were not an ordinary and foreseeable part of a hayride. In *Byer*, there were two wagons, one wagon returned on a safe route, while the other wagon, the one Byer was riding in, went down a hill.

There was no dispute that the wagon Byer was on careened down the hill out of control and jackknifed to a stop causing its passengers to be thrown from the wagon. We indicated that that was not an inherent risk of a hayride. *Id.* at ¶ 39.

{¶25} *Byer* is instructional, but it is also distinguishable from the facts at hand. That decision demonstrates that there are risks that are inherent in an activity and those that are not. In *Byer*, we referenced Byer's concession that inherent risks of a hayride include getting scratched by tree branches, being bounced around on the wagon and even losing one's balance and falling off the wagon. *Id.* at ¶ 30. The inherent risk did not include the wagon careening down a hill because the driver choose to leave the designated route, jackknifing and throwing passengers from the wagon; the harm to the passengers in *Byer* was not foreseeable because of the driver's actions. Consequently, in that case, we held that the injuries were not caused by the assumption of a known risk associated with a recreational activity. Here, as explained above, the known inherent risk associated with driving and riding an ATV is losing control of the vehicle, the vehicle flipping and the passenger and driver being thrown from it. The injuries here were consistent with the known risk. Furthermore, nothing in the record suggests that West took an action like the driver in *Byer,* i.e. choosing to depart from the safe designated route which caused the normal inherent risk associated with the recreational activity to be raised to a level that is not usually associated with that activity.

{¶26} Admittedly, the evidence indicates that a possible cause of the accident was losing control because of a stuck throttle due to the use of hand warmers. West claims that a stuck throttle is not an inherent risk associated with riding and driving an ATV. Case law is clear that loss of control is an inherent risk in riding and driving an ATV. Examples of what causes a driver to lose control of the ATV could be because of speed, terrain or failure to follow safety procedures. What causes the driver to lose control is better addressed when determining whether the driver acted intentionally, recklessly or negligently. Accordingly, the throttle being stuck from use of hand warmers that Devendra was not familiar with goes to whether his conduct was intentional, reckless or negligent. Along this same line of reasoning, we note that had the stuck throttle been caused by a mechanical error, then most likely the

accident would not have been an inherent risk of riding and driving the ATV. However, that was not the case here. Devendra's own testimony shows the throttle was stuck because of user error; Devendra had never used the hand warmers before and had no instructions of whether they were the appropriate hand warmers for that ATV.

{¶27} As such, considering all the above and the facts of this case, we hold that losing control of the ATV and being thrown from it are inherent risks associated with the recreational activity.

{¶28} In anticipation of that holding, West contends that since Devendra testified that neither he nor West foresaw the accident occurring, there is a genuine issue of material fact as to whether the accident was an inherent risk of the recreational activity. West is accurate in her description of Devendra's testimony. However, the testimony was specific as to whether this normally happens when he was driving an ATV. It was not a general question as to whether or not a risk associated with an ATV is the driver losing control and the passenger being injured. It is a legal determination as to what are the inherent risks associated with riding and driving an ATV. As aforementioned, case law has held and we agree that losing control of the ATV and it flipping is an inherent risk of riding or driving an ATV. Thus, this argument fails.

{¶29} Next, West argues that there is a genuine issue of material fact as to whether the risk of harm was inherent because Devendra exercised exclusive control over the ATV and he did not follow safety instructions and he did not eliminate the risk when he could have. This argument encompasses the position that Devendra did not use the engine stop switch, place the machine in neutral or use the foot brake when he lost control of the ATV. It also includes the fact that this was the first time Devendra had ever used hand warmers.

{¶30} The Ohio Supreme Court has indicated that the types of risks associated with the **activity** are those that are foreseeable and customary **risks of the sport or recreational activity**. *Thompson v. McNeil*, 53 Ohio St.3d 102, 104-106, 559 N.E.2d 705 (1990). See also *Pope*, 12th Dist. No. CA2004-10077, 2005-Ohio-4744, ¶ 15. West's arguments address Devendra's actions in operating the

ATV. They do not address the inherent risks associated with the recreational activity of riding and driving an ATV. Thus, these arguments are not appropriate arguments to make at this point. At this junction in the case we are solely determining what standard of care applies, not whether his actions violated that standard of care. If we determine that the parties were engaged in a recreational activity and the driver lost control of the ATV causing the passenger to be thrown from the vehicle was a risk associated with the recreational activity, then Devendra is only liable if his operation of the ATV was either reckless or intentional. He is not liable for negligent actions in that scenario. If the driver losing control and the passenger being thrown from the ATV are not risks inherent in the driving and riding of the ATV then a negligence standard applies. Devendra's actions in operating the ATV do not impact the determination of what are the inherent risks associated with the recreational activity. We only look to his actions to determine whether he violated the standard of care, not to determine the inherent risks that are associated with ATV riding and driving. See *McNeil* and *Pope*.

{¶31} Therefore, for all the expressed reasons, we hold that the accident was an inherent risk associated with ATVs. Accordingly, Devendra is only liable if his operation of the ATV was either reckless or intentional; the principles of negligence do not apply.

{¶32} The next argument under this assignment of error is that there is a genuine issue of material fact as to whether Devendra's conduct rose to the level of recklessness. The trial court determined as a matter of law that Devendra did not act recklessly.

{¶33} Recklessness was not pled in the complaint, only negligence was. Thus, for that reason alone, the trial court's grant of summary judgment to Devendra was appropriate. It was not required to engage in the analysis of whether Devendra's conduct rose to the level of recklessness. However, since it did determine that he did not act recklessly and since the propriety of that determination is helpful in the resolution of the second assignment of error, we will also review whether there is a genuine issue of material fact as to whether Devendra acted recklessly in his operation of the ATV.

**{¶34}** In finding that he did not act recklessly, the trial court reasoned:

Plaintiff has asserted that Defendant's failure to abide by the written instructions of the owner's manual (failing to hit kill switch, failing to inspect the hand warmer, failing to change gears to neutral, failing to use the brake pedal), all fell outside the scope of the rules and customs of usage for the ATV and created an unreasonable risk of harm to himself and to Plaintiff. Such assertions, in and of themselves, do not establish the necessary element of recklessness, nor do they establish sufficient facts from which an inference may be drawn as to a genuine issue of material fact that Defendant was reckless.

In this case, all evidence in the record demonstrates that Defendant failed to use ordinary care when operating the ATV. To establish the element of 'recklessness', in the context of operation of ATV, there would have to be some evidence that Defendant acted, or failed to act in a manner consistent with intentional disregard for the safety of others (Plaintiff).

In the instant case, Plaintiff failed to allege intentional conduct by Defendant in causing her injury on the ATV in her original complaint. Plaintiff, after the discovery deposition of Plaintiff and Defendant, attempted to amend her complaint to allege recklessness. However, Plaintiff has admitted, in her deposition, that Defendant was not horsing around, nor was he doing things that could cause an accident to happen, nor did he seek to injure her. (See, Plaintiff's Depo., pp. 51-53). Thus, since the parties participated together in a recreation activity, liability could only attach to Defendant's actions if they were found to be reckless.

In **Thompson v. McNeil (1990), 53 Ohio St.3d 102** the Supreme Court, relying on the Restatement of Torts 2d, defined 'recklessness' as follows:

"The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, **but also that such risk is substantially greater than that which is necessary to make his conduct negligent. . . while an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it**. . . the risk must itself be an unreasonable one under the circumstances. . ." **Id. at 104-105. [Emphasis added]**

**What constitutes an unreasonable risk under the circumstances must be delineated by the rules and/or customs that shape the participant's ideas of foreseeable conduct in the course of the recreational activity. Id. at 105.** Simply stated, there is nothing in the record of this case indicating that Defendant's conduct rose above the level of negligence, to that of recklessness, in the context of ATV operation. In fact, **Defendant's actions in operating the ATV on the day of the incident were agreed to, suggested by, and/or in accord with Plaintiff's ideas of foreseeable conduct in the operation of an ATV.** The evidence in the record demonstrates that Defendant was attempting to operate the ATV in a reasonable manner with consent and agreement of Plaintiff.

Plaintiff cannot now argue that the conduct of Defendant, in placing the hand warmers of the vehicle, was reckless when she not only recommended that conduct, but consented to it. In addition, though Plaintiff, who is now educated to the fact that riding an ATV is a recreational activity requiring a reckless standard of care, has attempted to argue that Defendant's failure to follow certain written instructions contained in the operation manual, in and of itself, establishes reckless conduct, the Court finds, based upon the evidence

in the depositions of Plaintiff and Defendant, that such assertions fails to meet the necessary evidentiary threshold to allow for an inference to be drawn to establish the element of recklessness. Rather, Defendant's failure to act in accord with written manual instructions, while reacting to an obvious emergency (open throttle) for which he could not determine the cause, **does not constitute an act intended by Defendant to create an unreasonable risk of harm to another (Plaintiff), or to himself, for that matter.** Rather, Defendant, while attempting to react to the open throttle, used the brakes on the vehicle in an effort to bring it to a stop. His inability to react to the emergency by immediately placing the vehicle into neutral, releasing his hands from the handle bars and/or throttle, and/or using the foot brake (while Plaintiff, an unauthorized passenger, was reaching around him), simply does not give rise to an argument that he intended to cause an unreasonable risk of harm to Plaintiff, as well as himself.

Instead the evidence demonstrates Defendant's genuine negligent struggle to control the vehicle when he did not know the reason which caused the open throttle to occur. Plaintiff has failed to provide sufficient evidence upon which to base any argument of recklessness as to Defendant's operation of the ATV and, therefore, * * * Defendant's Motion for Summary Judgment must be Sustained.

Emphasis in original. 09/07/11 J.E.

**{¶35}** In this case, we do not have to address whether his actions were intentional; the parties agree that the evidence does not even remotely suggest that his actions were intentional. Instead, the disagreement lies with whether there is a genuine issue of material fact as to whether his actions were reckless.

**{¶36}** The trial court accurately states the definition of recklessness and it also accurately references the facts of this case. It is noted that the trial court continually references the fact that Devendra did not know the reason for the open throttle as the accident was occurring. That statement is correct. During his

deposition, Devendra stated that he now believes the hand warmer caused the throttle to stick. (Devendra Depo. 51, 57.) West's testimony is clear that she did tell Devendra to go get the hand warmers and that she knew that the ATV was not intended to carry passengers. (West Depo. 22-24, 29.) The fact that she did these actions shows that she consented to the risk and assumed the risk.

{¶37} The trial court's reasoning specifically stated that Devendra's conduct was negligent, but did not rise to the level of recklessness. While the trial court does correctly reference the definition of reckless conduct, it is also helpful in this situation to look at comment g to Section 500 of the Restatement of Torts 2d, which the Ohio Supreme Court quoted in a footnote in *Marchetti,* 53 Ohio St.3d at 100, 559 N.E.2d 699, fn. 3. Comment g states:

> *g. Negligence and recklessness contrasted.* Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. It differs not only from the above-mentioned form of negligence, but also from that negligence which consists in intentionally doing an act with knowledge that it contains a risk of harm to others, in that the actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.*

**{¶38}** The only potential way that it could be concluded that he acted recklessly would be to say that for having never used hand warmers it was reckless to use them the first time without consulting an instructional guide and while having a passenger ride. Yet, the failure to consult instructions is a failure to take a precaution, not a reckless action. Thus, we agree with the trial court's reasoning.

**{¶39}** In further support of the rationale that Devendra did not act recklessly are the warnings found on the ATV about passengers riding it.

**{¶40}** There are two different warnings on the ATV regarding passengers. The first states:

> WARNING. NEVER ride as a passenger. Passengers can cause a loss of control resulting in SEVERE INJURY or DEATH.

> The second states:

> WARNING. * * * NEVER operate:

> * * * with a passenger – passengers affect balance and steering and increase risk of losing control.

**{¶41}** The trial court found that West disregarded the warnings. West contends that the warnings mean that the driver assumes the risk of the passenger's status causing the driver to lose control. She asserts that the warnings do not mean that the passenger assumes the risk of the driver "losing control by himself." Brief page 28.

**{¶42}** West's position is inaccurate; they do not mean that the driver solely assumes the risk. The first warning in particular states "NEVER ride as a passenger." This warning is directed to every potential rider, even a potential passenger. If it was solely directed to the driver it would state something like "NEVER operate with a passenger," (which is a statement in the second warning).

**{¶43}** Therefore, it cannot be concluded that the driver only assumes the risk when a passenger is on the ATV. Both assume the risk. West acknowledged that she saw these warnings and that she knew the manufacturer did not recommend a passenger riding on this ATV.

**{¶44}** Furthermore, it is difficult to forget the fact that she co-owns this ATV and drives it about half of the time (even with a passenger on it). Therefore, it is unfair to conclude that she does not assume any risk for failing to abide by these warnings when she was aware of them not only as a passenger, but also as an owner and driver. Thus, for all the above reasons, the trial court's conclusion that there was no evidence that Devendra acted recklessly is correct.

**{¶45}** In all, this assignment of error lacks merit. West and Devendra were engaged in a recreational activity when the accident occurred. Losing control of the ATV and having both the passenger and driver thrown from the vehicle is an inherent risk in ATV driving and riding. Thus, the accident was an ordinary risk associated with the recreational activity. Consequently, the applicable standard of care needed to find Devendra liable is reckless conduct or intentional conduct. As the complaint only alleged negligent conduct on Devendra's part summary judgment was appropriately granted. Regardless, a review of the file indicates that there is no evidence that Devendra's conduct rose to the level of recklessness.

Second Assignment of Error

**{¶46}** "The trial court erred in overruling the Plaintiff-Appellant, Janice West's motion to amend her complaint."

**{¶47}** Civ.R. 15(A) governs amendments to pleadings and states:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Civ.R. 15

**{¶48}** West acknowledges that she was required to obtain leave prior to amending her complaint to include a cause of action that alleged that Devendra acted reckless in his operation of the ATV.

**{¶49}** The Ohio Supreme Court has stated that the language of Civ.R. 15(A) favors a liberal amendment policy. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St. 3d 120, 121-22, 573 N.E.2d 622 (1991). "[A] motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984). A reviewing court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. *State, ex rel. Wargo, v. Price*, 56 Ohio St.2d 65, 381 N.E.2d 943 (1978). 'The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶50}** As was discussed in the first assignment of error, the trial court found that there was no genuine issue of material fact that Devendra acted recklessly in operating the ATV. Consequently, it denied the motion to amend the complaint because the record did not disclose any evidence of reckless actions on Devendra's part. The trial court was correct in that determination. Accordingly, the decision to deny the motion to amend the complaint cannot be classified as an abuse of discretion. Without any evidence of recklessness, allowing the amending of the complaint would not save West's lawsuit from dismissal. Consequently, this assignment of error lacks merit.

Conclusion

**{¶51}** Both assignments of error lack merit. The trial court's grant of summary judgment in Devendra's favor and the trial court's denial of West's motion to amend the complaint are hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.