[Cite as *Bishopsgate Properties, L.L.C. v. Heiland*, 2011-Ohio-4707.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| BISHOPSGATE PROPERTIES, LLC | C.A. No. 10CA009854 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC HEILAND | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10CV165790 |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2011

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Eric Heiland appeals from the entries of the Lorain County Court of Common Pleas awarding summary judgment to Plaintiff-Appellee Bishopsgate Properties, LLC ("Bishopsgate"). For the reasons set forth below, we reverse.

I.

{¶2} On January 10, 2010, Bishopsgate filed a complaint for forcible entry and detainer, unpaid rent, and declaratory relief against Mr. Heiland. Bishopsgate asserted in its complaint that it was the legal owner of the real property at 1226 West 11th Street in Lorain ("the property"), that Mr. Heiland was "unlawfully and forcibly" detaining the property, and that Mr. Heiland failed to pay rent. Bishopsgate sought "process and restitution[,]" fair market rent of the property, and declarations related to Mr. Heiland's and Bishopsgate's respective rights in the property, including declarations to quiet title. Mr. Heiland filed an answer along with several defenses. Thereafter, Bishopsgate moved for summary judgment. Mr. Heiland responded in

opposition. Additionally, Bishopsgate filed a preliminary judicial report for the property. Subsequently, the trial court entered judgment in favor of Bishopsgate and against Mr. Heiland. The trial court awarded Bishopsgate $2500 plus statutory interest for rent due and ordered Mr. Heiland to vacate the premises. In addition, the trial court declared Bishopsgate to be the sole owner of the property. It further found that Mr. Heiland had no right to possession of the property or contractual rights in the property, that Mr. Heiland unlawfully and forcibly detained possession of the property, and that Mr. Heiland was a tenant at will. Mr. Heiland then filed a motion for relief from judgment pursuant to Civ.R. 60(B). After filing a notice of appeal, Mr. Heiland requested and received a stay of judgment. In addition he filed a supplemental motion for relief from judgment. Upon motion from Mr. Heiland, this Court remanded the matter to the trial court so that it could rule on Mr. Heiland's pending Civ.R. 60(B) motions. As the trial court has ruled upon Mr. Heiland's motions for relief from judgment, we turn to addressing the merits of his appeal. Mr. Heiland has appealed pro se, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"The Trial Court erred in Applying the Standard of Review For Summary Judgment to the Prejudice of The Defendant-Appellant."

{¶3} Essentially Mr. Heiland asserts that the trial court erred in granting summary judgment as there remained genuine issues of material fact. Specifically, Mr. Heiland alleges that ownership interests, equitable interests, and damages for rent were in dispute. We agree that the trial court erred in granting summary judgment.

{¶4} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. "Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the

moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339-340, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

**{¶5}** On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Id. at 293.

**{¶6}** As we conclude that Mr. Heiland presented sufficient evidence to raise genuine issues of material fact with respect to both ownership and possession of the property, we likewise conclude that Bishopsgate was not entitled to summary judgment on its claims.

**{¶7}** We begin with the observation that none of Bishopsgate's motions, briefs, or evidentiary materials present any facts explaining how Bishopsgate came to obtain title to the property or even how Mr. Heiland came to be on the property in the first place. This is of particular concern to this Court in light of Mr. Heiland's assertions in his affidavit concerning fraud which are detailed below. Even Jeannette Shepler's affidavit, submitted in support of Bishopsgate's motion for summary judgment, is nearly devoid of facts or factual allegations. Instead, the affidavit consists primarily of legal conclusions. Mr. Heiland correctly objected to the affidavit on this basis. See *Hackathorn v. Preisse* (1995), 104 Ohio App.3d 768, 771. Thus, to the extent the affidavit makes bare legal conclusions, we will disregard it in our review.

**{¶8}** Despite the conclusory nature of Ms. Shepler's affidavit, it did, along with the accompanying documents, provide some support for Bishopsgate's claims. Ms. Shepler averred

in her affidavit that Bishopsgate is the legal owner of the property. As evidence in support of Bishopsgate ownership, a deed was attached to the affidavit and referenced therein. Ms. Shepler further stated that Bishopsgate offered to lease the property to Mr. Heiland, but Mr. Heiland declined. As evidence of Mr. Heiland's refusal, Ms. Shepler referenced the lease rejected by Mr. Heiland which was attached to the complaint. Ms. Shepler also averred that a notice to leave the premises was issued to Mr. Heiland and that said notice was attached to the complaint. According to the affidavit, Mr. Heiland refused to leave the premises. Ms. Shepler asserted that fair market value rent for the property is $500 per month.

{¶9} Nonetheless, even if we were to conclude that Bishopsgate met its initial burden, we conclude that Mr. Heiland met his reciprocal burden.

{¶10} Mr. Heiland averred in his affidavit that Bishopsgate's title to the property was defective as Summit Institute, the grantor listed on the deed attached to Bishopsgate's summary judgment materials, admitted to being "a sham trust" and was "without capacity and not legally eligible to hold or transfer property[.]" Mr. Heiland further asserted that he was told by an attorney for Summit Institute that he could have possession of the property through at least the end of 2010. In addition, Mr. Heiland stated that he has an interest in the property as he provided $50,000 of its purchase price. Mr. Heiland also alleges in his affidavit that persons involved with Bishopsgate and Summit Institute defrauded him and converted his $50,000 investment. Mr. Heiland's assertions were not refuted.

{¶11} Accordingly, based upon the evidence presented to the trial court, there is a genuine dispute of material fact with respect to whether Mr. Heiland has an ownership interest in the property. Thus, the trial court's declarations to the contrary are erroneous at this stage of the litigation. Further, there is a genuine dispute of material fact concerning whether Mr. Heiland is

entitled to possession of the property rendering judgment on Bishopsgate's forcible entry and detainer action inappropriate. See *Goldstein v. Patel*, 9th Dist. Nos. 02CA008183, 02CA008199, 2003-Ohio-4386, at ¶4 ("A forcible entry and detainer action decides the right to immediate possession of property[.]" ). Moreover, in light of the genuine disputes of material fact with respect to ownership and possession, we likewise conclude that the award of summary judgment with respect to the issue of back rent was also erroneous. We sustain Mr. Heiland's first assignment of error.

## ASSIGNMENT OF ERROR II

"The frauds perpetrated by Plaintiff and Plaintiff's Counsel ha[v]e so corrupted the Defendant['s] due process rights and seriously prejudice[ed] Appellant[], that the Trial Court erred in * * * granting summary judgment as a matter of law, damaging the judgment and jurisdiction of the Court."

{¶12} Mr. Heiland appears to assert in his second assignment of error that fraud rendered the trial court's award of summary judgment void. As our resolution of the first assignment of error has rendered this assignment of error moot, we decline to address it. See App.R. 12(A)(1)(c).

## III.

{¶13} In light of the foregoing, we reverse the judgment of the Lorain County Court of Common Pleas.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of LORAIN, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

ERIC HEILAND, pro se Appellant.

ROBERT J. GARGASZ, Attorney at Law, for Appellee.